UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE: RHONDA FONTONETTE                                              CHAPTER 13
DEBTOR

# CHAPTER 13 PLAN

Debtor, whether one or more, proposes this Chapter 13 Plan:

I.     **PAYMENT TO THE TRUSTEE:**  Debtor shall pay **$415.00** per month DIRECT to the Trustee.
The first payment will be made within 30 days of the filing of the petition.

**Payments are to be paid by Debtor directly as indicated:**
(   )Weekly  (   )Bi-Weekly  (   )Semi-Monthly  (**XX**)Monthly  (   )Other

If completed, the following **STEP PAYMENTS** shall be paid:
  The plan payment will increase to **$507.58** per month in **July 2019**.
  The plan payment will increase to **$561.51** per month in **March 2020**.

II.    **PLAN LENGTH**:  Debtor's plan length is **60** months.  Debtor proposes to pay all disposable income into the plan for the benefit of unsecured creditors during the applicable commitment period (unless unsecured creditors are being paid 100%). The plan length shall not exceed 60 months.

III.   **ADMINISTRATIVE CLAIMS:**  The Trustee will pay allowed administrative expenses in full.
       a. **TRUSTEE'S FEES AND EXPENSES**: Trustee shall receive a percentage fee for each receipt, the percentage of which is fixed by the United States Trustee.

       b. **ATTORNEY FEE** is to be paid $1,200.00 from funds paid in by the Debtor, after administrative costs have been paid, and the remaining fee at the rate of 25% of the total disbursed to creditors each month thereafter until paid in full.  **All attorney fees must be approved by separate application.**

       Attorney Fee amount applied to be paid:        $3,500.00
       LESS Amount paid by Debtor PRIOR to filing     -$ 0.00
       Amount to be paid by Trustee                   **\*\*$3,500.00\*\***

IV.    **CHILD/DOMESTIC SUPPORT:**
(**XX**) The Debtor has no child support obligations.
**REGULAR PAYMENT**:
(   ) The regular monthly support payment shall be paid by the debtor directly.
(   ) The regular monthly support payment of **$ 0.00** shall be paid through the plan.
**ARREARAGE PAYMENT:**
(   ) The total child support arrearage is **$ 0.00** and shall be paid through the plan at a pro rata monthly amount.
(   ) The total child support arrearage is **$ 0.00** and shall be paid by the debtor direct to the creditor.

**DOMESTIC SUPPORT OBLIGATION CREDITORS**
       NAME AND ADDRESS OF CHILD SUPPORT RECIPIENT:

1

CREDITOR TO WHOM CHILD SUPPORT IS OWED:

V. **LONG TERM DEBTS:** The following debts will extend beyond the length of the plan. During the plan, the Trustee is to pay the regular, continuing monthly contract payment. If the claim is already in default, the Trustee will pay an additional sum each month until the default has been cured, in accordance with 11 U.S.C. 1322(b)(5). Upon completion of the plan, the debtor will resume payments on such claims pursuant to the terms of the original agreement.

| CREDITOR | REGULAR MO. PYMT | TOTAL ARREARAGE | AMOUNT PER MONTH TO CURE ARREARAGE |
|---|---|---|---|
| 1) | | | |
| 2) | | | |

VI. **SECURED CLAIMS FOR DEBTS WHICH WILL NOT EXTEND BEYOND THE LENGTH OF THE PLAN AND TO WHICH 11 U.S.C. §506 IS APPLICABLE :**

The following secured creditors will retain their liens and be paid the value of the collateral securing the lien or the amount of the debt, whichever is less, and payments shall be made as indicated below. Any amount claimed by the creditor that exceeds the value of the collateral will be treated as a NON-PRIORITY UNSECURED CLAIM.

| CREDITOR | DEBT | VALUE | INT. RATE* | MO. PYMT | ADEQUATE PROTECTION MO. PYMT PRE-CONFIRMATION |
|---|---|---|---|---|---|
| 1) Toyota Motor Credit Corp. | $14,597.90 | $18,400.00 | 3.75% | $267.22 | $145.98 |
| 2) | | | | | |

*If this space is left blank, no interest is to be paid.

VII. **SECURED CLAIMS FOR DEBTS WHICH WILL NOT EXTEND BEYOND THE LENGTH OF THE PLAN AND TO WHICH 11 U.S.C. §506 IS NOT APPLICABLE :**

The following secured creditors will retain their liens and be paid the amount of their lien at the interest rate indicated below:

| CREDITOR | DEBT | VALUE | INT. RATE* | MO. PYMT | ADEQUATE PROTECTION MO. PYMT PRE-CONFIRMATION |
|---|---|---|---|---|---|
| 1) | | | | | |
| 2) | | | | | |

VIII. **PROPERTY TO BE SURRENDERED:**
The following are creditors to whom the Debtor surrenders the property securing the claim in accordance with 11 U.S.C. § 1325(a)(5)(C). No further payments are to be made to the creditor on the secured claim.

| CREDITOR | DESCRIPTION OF PROPERTY |
|---|---|
| 1) | |
| 2) | |

2

IX. **PRIORITY DEBTS:**
Priority debts shall be paid in full in accordance with 11 U.S.C. § 1322(a)(2), **unless otherwise indicated in this plan**.

X. **UNSECURED DEBTS:**
Unless otherwise indicated below, unsecured claims shall be paid 100%:
- ( ) Unsecured creditors shall be paid a definite percentage of their claims as filed and allowed by the court. That Percentage is _____%.
- ( ) Unsecured creditors shall receive $_____ to be disbursed in accordance with §1322 and §1325.
- (**XX**) Unsecured creditors shall receive a pro rata dividend from funds remaining after payment of administrative, long term secured/unsecured, secured, priority, child support and special non-priority unsecured claims and the debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors.

XI. **SPECIAL NON-PRIORITY UNSECURED DEBTS:**
The following consumer debts shall be paid prior to other unsecured debts. The reason for this special treatment is stated below. Claims shall be paid in full (100%) unless a different treatment is indicated.

| **CREDITOR** | **DEBT** | **INT RATE*** | **MO. PYMT** | **REASON** |
|---|---|---|---|---|
| 1) | | | | |
| 2) | | | | |

*If space is left blank, no interest is to be paid.

XII. **DEBTS WHICH ARE NOT TO BE PAID BY THE TRUSTEE:**
The following debts may be paid by the Debtor direct to the following creditors:
- a. Home mortgage, if current;
- b. Lease payments, if current,
- c. Child support payments per court order;
- d. Debts which are actually being paid by someone other than the Debtor from property that is not property of the estate.

| **CREDITOR** | **DESCRIPTION OF PROPERTY** | **NATURE OF OBLIGATION** |
|---|---|---|
| 1) Vivint Alarm | Alarm System | 2 year contract. |
| 2) | | |

XIII. **EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES:**
The Debtor assumes or rejects the following executory contracts or unexpired leases. If rejected, no further payments are to be made to the creditor on the contract or lease; however, the creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor.

| **CREDITOR** | **ASSUMES OR REJECTS** | **DESCRIPTION OF CONTRACT AND/OR DESCRIPTION OF LEASED PROPERTY** |
|---|---|---|
| 1) Vivint Alarm | Assumes | 2 year contract |
| 2) | | |

XIV. **OTHER PROVISIONS:**

3

Other provisions of the plan which are not inconsistent with Title 11 of the U.S.C., pursuant to 11 U.S.C. § 1322(b)(11), are as follows:

- Property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the Debtor shall remain in possession of all property of the estate.
- In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.
- In order to assist the Debtor in performance of the plan, the Trustee may from time to time grant refunds to the Debtor as may be necessary to satisfactorily complete the plan, provided that all sums necessary to complete the plan are ultimately paid by the Debtor.

/s/Rhonda Fontonette
**Rhonda Fontonette, DEBTOR 1**
**Date: 11/17/2015**

_____, **DEBTOR 2**
**Date:** _____

/s/CAROLINE C. LEWIS
**CAROLINE C. LEWIS, ABN 2002104**
**Attorney for the Debtor**
**The Brad Hendricks Law Firm, P.A.**
**500 C Pleasant Valley Drive**
**Little Rock, AR 72227**
**T: (501) 221-0444    F: (501) 221-0443**
**Email: clewis@bradhendricks.com**

**Date: 11/20/2015**